## Commonwealth v. Borowsky

*Scott M. Olin, deputy attorney general,* for the commonwealth.

*A. Taylor Williams,* for defendant.

SUBERS, *J.,* May 13, 1988 — This is an appeal by petitioner, Wayne Adam Borowsky, from our order of January 12, 1988 dismissing his appeal from the suspension of his motor vehicle operating privileges and reinstating the commonwealth's suspension. The facts may be summarized as follows: On September 1, 1986, the Pennsylvania Department of Transportation mailed an official notice of suspension to petitioner, Wayne Adam Borowsky, effective January 26, 1987 for 65 days. On March 21, 1987, while the suspension was still in effect, petitioner was issued a citation for driving while under suspension. On April 1, 1987, petitioner was found guilty of driving while under suspension and on September 2, 1987 an official notice of suspension

for one year was mailed to petitioner, effective October 7, 1987. Petitioner appealed the suspension of his license to this court and we dismissed the appeal. Petitioner now appeals to the Commonwealth Court.

## ISSUE

Whether the imposition of an "additional" one-year period of suspension of a motorist's operating privileges was proper where the initial period of suspension had expired at the time the subsequent suspension was imposed, but had not expired at the time the subsequent *violation* was committed.

## DISCUSSION

Petitioner argues, inter alia, that his license should not have been suspended for one year pursuant to 75 Pa.C.S. §1543 because section 1543 provides for suspension only for an "additional" period of one year. Petitioner contends that since his initial period of suspension had ended and his license had been restored, there could be no "additional" period of suspension. More specifically, he argues that there can be a one-year suspension under section 1543 only if the second suspension is imposed before the first suspension expires. We disagree.

Title 75 Pa.C.S. §1543(a) and (c), under which petitioner was convicted, reads in pertinent part:

"(a) *Offense defined*—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored

is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

. . .

"(c) *Suspension or revocation of operating privilege*—Upon receiving a certified record of the conviction of any person under this section, the department shall suspend or revoke that person's operating privilege as follows:

"(1) If the department's records show that the person was under suspension, recall or cancellation on the date of violation, the department shall suspend the person's operating privilege for *an additional one-year period*." (emphasis supplied)

The issue in the present case is the interpretation of section 1543, particularly the language emphasized above. As support for his interpretation of this section, petitioner cites *Commonwealth v. Little*, 11 D.&C.3d 442 (1979). In *Little*, the Honorable William Hart Rufe III, of the Court of Common Pleas for Bucks County, interpreted section 1543's language mandating an "additional" period of suspension to mean that once a period of suspension expires, a second suspension is a "new" suspension and is improper under section 1543. Judge Rufe stated that he was giving meaning to every word of the statute and that his interpretation of "additional" as used in section 1543 requires that a suspension under that section be imposed immediately following the initial suspension. While we understand Judge Rufe's reasoning in *Little*, we decline to adopt the same interpretation of section 1543.

As this court reads section 1543, it seeks to penalize drivers who operate a motor vehicle while their operating privileges have been suspended or revoked by imposing upon them another period of suspension. If we were to adopt the limited meaning of "additional" urged by petitioner and apply section

1543 only where a motorist receives notice of suspension while under an existing period of suspension, the purpose of section 1543 would be frustrated. In cases such as this where a motorist drives toward the end of the period of suspension, it is unreasonable to require the commonwealth to first seek a conviction and then issue notice of suspension before the initial period of suspension expires. A motorist who drives under suspension shortly before that suspension expires should suffer the same penalty as does a motorist who drives at any other point in time during suspension.

This interpretation of section 1543 was accepted and applied by the courts in *Commonwealth v. Kavusak*, 16 D.&C.3d 491 (1980) and *Commonwealth v. Losey*, 24 D.&C.3d 420 (1982). In *Losey*, the court stated that the "realities of the time span between citation and conviction and between conviction and notice of additional revocation" leads to the more sensible approach of applying section 1543's mandate of an extra suspension or revocation to *all* motorists who drive while their driving privileges are suspended or revoked. *Losey* at 422. Furthermore, it would be absurd, stated the *Losey* court, to penalize the commonwealth for rightfully restoring the motorist's license after the initial period of suspension expired and before he was convicted of driving under suspension. We agree with the *Losey* and *Kavusak* courts and therefore properly dismissed petitioner's appeal and reinstated the suspension of his driver's license.

## CONCLUSION

Based upon the foregoing analysis, our dismissal of petitioner's appeal from suspension of his motor vehicle operating privileges was proper and our order reinstating said suspension should be affirmed.